Filed 3/26/14  P. v. Waters CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANDY WATERS,<br><br>    Defendant and Appellant. | B248516<br><br>(Los Angeles County Super.<br>Ct. No. BA404324) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

At around 2:00 a.m. on October 31, 2012, Triana M. and her roommate, Adham Numan, were awakened by a loud sound. Triana heard the sound of the dining room windows being broken. She looked outside and saw the truck that belonged to her ex-boyfriend, Randy Waters. Triana picked up a knife to defend herself and Waters eventually smashed open a patio door and entered her bedroom.

Waters was carrying a baseball bat. He approached Triana and said, "You tried to killed *[sic]* me. You tried to poison me. I've been losing weight since you left. You stole my daughter. And then you poisoned me again." Triana had no idea what Waters was talking about. When Waters was about two feet away he pointed the bat at Triana, bringing it within inches of her face, and then said he was going to kill her.

Numan saw Waters threaten Triana with the bat and asked him to leave. Waters pointed the bat in Numan's face and told him, "You better get out of my face. You have nothing to do with this. Unless you want to die, go back in your room." Numan went back to his bedroom and phoned 911. Waters told Triana he would kill her if she called the police and then left. Triana called the police and gave them the license plate number of Waters's truck.

A Los Angeles police sergeant drove to the address where Waters's truck was registered and saw a man in a nearby alley who was carrying a baseball bat and fit Waters's description. The sergeant ordered the man – who turned out to be Waters – to stop. Instead, Waters became agitated and charged the sergeant with his baseball bat. Other officers showed up and were finally able to subdue Waters by tasering him. Waters was taken to a hospital, where he told an officer, "I busted her windows . . . [but] I didn't swing the bat I was just pointing the bat at her."

Waters was charged with burglary, two counts of making criminal threats (one each as to Triana and Numan), assault with a deadly weapon, and a misdemeanor count of resisting a peace officer. A jury acquitted him of burglary and of making criminal threats as to Numan, but convicted him of the other counts. Waters was sentenced to four years in state prison, followed by a consecutive one-year jail term for the misdemeanor conviction.

Waters filed a notice of appeal. On October 25, 2013, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she had reviewed the record and had sent Waters a letter advising him that such a brief would be filed and that Waters could file a supplemental brief if he chose to. That same day this court sent Waters a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider. On January 21, 2014, we granted Waters's request for a 30-day extension of time in which to file a supplemental brief. However, Waters did not file a supplemental brief.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.


                                        RUBIN, J.
WE CONCUR:



        BIGELOW, P. J.



        FLIER, J.


3